UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-　　　　　　　　　　　　　　　　ORDER

DAAMU DIGGS,　　　　　　　　　　　　　　16-CR-728 (CS)

              Defendant.
------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Daamu Diggs's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Docs. 19-20); the Government's opposition thereto, (Doc. 23); and Defendant's reply, (Doc. 24).[1]

      On April 17, 2017, Defendant was sentenced principally to 120 months' imprisonment on his convictions for possession of heroin with intent to distribute and possession of a firearm by a convicted felon. (Doc. 15.)[2] On the same date, he was sentenced to 18 months' imprisonment, to run consecutive to the 120 month term, for violating his supervised release in No. 10-CR-197. (No. 10-CR-197 Doc. 544.) He has served approximately 58 of those 138 months.

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the

---

[1] When able to do so, defense counsel is directed to send to chambers for filing under seal an unredacted hard copy of Defendant's motion and any exhibits that are not publicly filed,

[2] Defendant's Sentencing Guidelines range was 151-188 months.

defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.

     Defendant argues that he suffers from health conditions – including high blood pressure, asthma and obesity – that put him at increased risk for severe disease should he contract COVID-19.  Presumably he means to contend that he fits the fourth category.  The Government concedes that Defendant's health – specifically, obesity and chronic kidney disease unmentioned in his motion – combined with the COVID-19 pandemic amounts to an extraordinary and compelling reason.

     I must next consider the § 3553(a) factors.  Defendant's offense was serious: Defendant possessed 96 envelopes of heroin, a gun, knives, ammunition and a bulletproof vest.  He of course had no business having a gun at all, but also, shockingly, the gun was found in a room where children slept.  The instant case was Defendant's tenth criminal conviction and his fifth drug felony.  He has violated parole numerous times on his state cases and he violated supervised release on his earlier federal case.  Prior significant sentences have not deterred him.

     Releasing defendant after he has served less than half of his sentence would undermine several of the purposes of sentencing.  It would not be just punishment and would introduce unwarranted sentencing disparities.  It would not give sufficient weight to Defendant's criminal history or his disrespect for the law.  It would fail to protect the public from further crimes by Defendant.  Given his track record, there is every reason to believe he would return to crime, as

he has so often in the past.  It is commendable that Defendant has completed drug treatment, taken classes and avoided trouble in prison.  But on balance, those factors and his health situation[3] are outweighed by the § 3553(a) factors.[4]  Accordingly, the motion is denied..

Dated: July 22, 2020
       White Plains, New York

                                      _____
                                      CATHY SEIBEL, U.S.D.J.

---

[3]Defendant is housed at FCI Fort Dix, which, fortunately, currently reports only two inmate cases and no staff cases.

[4]I further note that Defendant proposes to live with an individual who, according to records provided by that individual, is a regular marijuana user.  That is true of many people, and I mention it not to disparage that individual in any way, but merely to suggest that that living situation would not be conducive to Defendant's compliance with his conditions of supervised release, which would include refraining from marijuana use.