UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                          ORDER

DAAMU DIGGS,                     16-CR-728 (CS)

               Defendant.
-------------------------------------------------------x

Seibel, J.

    Before the Court is Defendant Daamu Diggs's renewed motion for sentence reduction

under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (ECF Nos. 45, 47); the

Government's opposition thereto, (ECF No. 48); and Defendant's reply, (ECF No. 49).[1]

Familiarity with my prior rulings and with the standards governing motions under

§ 3582(c)(1)(A) is presumed.

    Defendant has now served approximately 83 months of his below-Guidelines 138- month

sentence.  With good conduct credits and First Step Act credits, his projected release date is

October 3, 2024.

    The thrust of the renewed motion is that Defendant should be released because he is

getting substandard medical care at FCI Fort Dix.  It appears that while his care has not been

denied, it has been inexplicably delayed.  For example, despite a doctor's orders that Defendant's

blood pressure be checked three times a week, months went by with no checks recorded in his

records.  Nine months elapsed between a cardiologist recommending a CT scan and it being

done.  And when a cardiologist recommended a procedure be done within two weeks, it was not

done until seven months later.  The Government points out that there is no indication that these

---

[1]Both sides have submitted medical records, which will be maintained under seal.

and other failures resulted in any serious ill effects, but that is pure luck.  It is obvious that for

whatever reason, the Bureau of Prisons ("BOP") is not providing health care its own providers

think is necessary.  As I noted in my previous ruling, it would have been tragic if a dropped ball

by medical personnel resulted in harm to Defendant.

At the same time, assuming there to be extraordinary and compelling circumstances, the

factors set forth in 18 U.S.C. § 3553(a) continue to militate against release, for the reasons set

forth in my previous decisions.  If a Defendant deserving a 138-month sentence is not getting

proper medical care, the best solution is not to release him (although I believe § 3582(c)(1)(A)

would permit me to do so).  The best solution is to get Defendant the proper medical care.[2]  I do

not care if BOP does this by transferring Defendant to another facility or by ensuring that the

medical staff at FCI Fort Dix improves its performance.[3]  Accordingly, I reserve decision on the

motion and direct BOP to provide the Government, and the Government to provide the Court,

---

[2]In addition to the issues with his health care, Defendant also points to his lack of
disciplinary history and participation in programs.  While these are commendable, they are not
exceptional or even unusual.  Maintaining good conduct in prison is not uncommon, and indeed
is expected.  *See United States v. Alvarez*, No. 89-CR-229, 2020 WL 4904586, at *7 (E.D.N.Y.
Aug. 20, 2020).  While I may consider rehabilitation in combination with other factors in
determining whether there are extraordinary and compelling reasons for a sentence reduction, *see
United States v. Torres*, 464 F. Supp. 3d 651, 661 (S.D.N.Y. 2020); *see also Brooker*, 976 F.3d at
237-38 ("The only statutory limit on what a court may consider to be extraordinary and
compelling  is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and
compelling reason.'") (quoting 28 U.S.C. § 994(t)) (emphasis in *Brooker*), I am skeptical, in light
of Defendant's abysmal criminal history, that his good conduct in prison portends good conduct
on the outside.  Nor do the conditions implemented during the pandemic elevate Defendant's
situation to the level required to outweigh the § 3553(a) factors.  I do not mean to minimize the
difficulty that the pandemic has caused for inmates (or those on the outside, for that matter), but
those universal conditions, which do not alone give rise to extraordinary and compelling
circumstances, *see United States v. Pinto-Thomaz*, 454 F. Supp. 3d 327, 331 (S.D.N.Y. 2020), do
not tip the scales in favor of release in this case.

[3]Defendant also has administrative and, if necessary, judicial remedies he may pursue.

with a report no later than the twentieth (20th) of every month (starting this month) regarding

Defendant's health status and what steps it has taken to ensure that Defendant timely receives the

necessary monitoring and treatment.

Dated:  November 9, 2022
        White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.